UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| RICHARD J. FITTEN, | ) | |
|---|---|---|
| | ) | No. 1:10-cv-233 |
| v. | ) | |
| | ) | *Chief Judge Curtis L. Collier* |
| TONY PARKER, WARDEN, | ) | |

**MEMORANDUM**

Richard J. Fitten ("Fitten") has filed a petition and amended petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File Nos. 2, 4, & 6). Fitten is a prisoner confined at Northwest Correctional Complex in Tiptonville, Tennessee. The matter is before the Court on Respondent's motion to dismiss (Court File No. 7).

Fitten's petitions are confusingly pled, but the Court discerns he is attacking the calculation of jail credits he received when his 2007 probation was revoked (Court File Nos. 2, 4, & 6). Fitten appears to claim that the state failed to give him approximately two years of jail-time credits as provided in his plea agreement. For the following reasons, the motion to dismiss will be **GRANTED** (Court File No. 7) and Fitten's § 2254 habeas petition and amended petitions will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies (Court File Nos. 2, 4, & 6).

**I.     Background**

"In case number 255275, Fitten agreed to the revocation of his probation and the imposition of a six-year sentence." *Fitten v. State*, No. E2009-00631-CCA-R3-PC, 2010 WL 1656681, at *1 (Tenn.Crim.App. April 26, 2010), *perm. app. denied*, (Aug. 25, 2010). At the same time (on August 20, 2007), Petitioner pleaded guilty to filing false reports, in case number 261292 and received a 2 year unsupervised sentence ordered to run consecutive to the sentence in case number 255275 (Court

File No. 6). In addition, he pleaded guilty to case number 261403, Retaliation against Judge, Juror, and received a one year unsupervised sentence to run consecutive to 261292; thus, receiving an effective sentence of six years in prison and a consecutive three years on unsupervised release (Court File No. 6). Petitioner subsequently filed a *pro se* petition for post-conviction relief which the Tennessee Supreme Court ultimately denied him permission to appeal on August 25, 2010. *Id*.

## II.   Facts

The following facts are a recitation of facts taken from the opinion of the appellate post-conviction court:

> **Guilty Plea Hearing**. At the petitioner's August 20, 2007 guilty plea hearing, he testified that he had reviewed the plea agreement with trial counsel and understood its terms. Under the plea agreement, the petitioner conceded the probation violation, which placed the six-year sentence for that conviction into effect. Trial counsel stated that the petitioner would be eligible for parole after serving thirty percent of that sentence, and that the petitioner had already served about 600 days. Trial counsel said the petitioner would receive credit for all the time served since the onset of the case. Pursuant to the plea agreement, the petitioner also entered a guilty plea for filing a false police report, a Class D felony, and retaliation for past action, a Class E felony. The petitioner received two years of unsupervised probation for filing a false police report and one year of unsupervised probation for retaliation for past action. These sentences would be served consecutively, for an effective nine-year sentence. As part of the plea agreement, additional charges were dismissed.
>
> **Post-Conviction Hearing**. The petitioner filed a *pro se* motion for relief, which was treated as a petition for post-conviction relief. In the petition, the petitioner challenged the validity of the plea agreement. He claimed trial counsel told him, prior to entering the plea agreement, that he would receive two years of jail credits for time he already served on the six-year sentence. The petitioner asserted that he had not received these credits, and therefore he was "deceived" into entering the plea agreement. The petitioner also made the general assertion that his "innocence could have been proven all around." A preliminary order was issued in response to the petition. The Criminal Court for Hamilton County found that the petitioner had presented a colorable claim with regard to his convictions for filing a false police report and retaliation for past action; however, the court dismissed the petitioner's claim as to the probation revocation. As grounds for rejecting the petitioner's

2

post-conviction claim that he was denied jail credit on his probation revocation sentence, the trial court specifically noted that the "judgment in case 255275 reflects pre[-]revocation jail credit for the period from 1 September 2006 to 20 August 2007, the judgment in case 261292, pre-plea jail credit for the periods from 4 to 5 February and 9 to 10 May 2006, and the judgment in case 261403, pre-plea jail credit for the period from 25 August 2006 to 20 August 2007."

In dismissing the petition, the post-conviction court found that the petitioner's claim regarding jail credits was without merit. The court stated that the judgment for the probation revocation was consistent with the provision regarding jail credits in the plea agreement. The court said the judgment showed that the petitioner amassed jail credits over four different periods, totaling almost two years. The court concluded that the petitioner entered knowing and voluntary guilty pleas, and that there was no clear and convincing evidence of the petitioner's innocence.

*Fitten v. State*, 2010 WL 1656681, *1 -4 (Tenn.Crim.App.,April 26, 2010).

### III. Analysis

As previously stated, Petitioner challenges the calculation of the jail-time credits he received when his 2007 probation was revoked. Respondent argues Petitioner did not exhaust his state remedies because he failed to follow the proper state procedure for raising this claim as provided under the administrative procedure act, which first requires Petitioner to seek a declaratory order from the Department of Corrections, followed by review in chancery court, and then in the state appellate courts; a remedy which remains viable to address Petitioner's contentions. In addition, Petitioner did not raise the jail-time credit claim in the state appellate courts after being denied relief on the claim in the state post-conviction trial court.

The state appellate court identified the two claims raised on appeal as: "(1) his conviction for retaliation for past action should be dismissed because it resulted from an illegal arrest under the Fourth and Fourteenth Amendments to the United States Constitution; and (2) the evidence was insufficient to support his convictions for retaliation for past action and filing a false police report."

3

Although the issue was not before the state appellate court, in reciting the history of facts of the case, it did mention the post-conviction trial court's analysis of the jail credit issue, which the Court observes determined Petitioner received jail credits consistent with the provision in the plea agreement regarding jail credits. Specifically, the trial court noted Petitioner was given jail credit for the period from September 1, 2006, to August 20, 2007, February 4-5, 2006, May 9-10, 2006, and August 25, 2006, to August 20, 2007. *Id.* at 2.

Nevertheless, Petitioner did not raise this jail-time credit claim in the state appellate court. As a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254; *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement gives state courts a fair opportunity to address any federal errors in the first instance and respects the principle of comity between the state and federal courts. *Id.* at 515-16. Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Id.* at 519-521; *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied*, 519 U.S. 1079 (1997). Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the standard of review in federal habeas petitions filed pursuant to 28 U.S.C. § 2254 and provides that the exhaustion requirement is met if all state court remedies have been exhausted, there is an absence of available state corrective process for adjudicating the claims, or circumstances exist that render such process ineffective to protect petitioner's rights. *See* 28

U.S.C. § 2254(b)(1); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). Petitioner does not claim to have met the exhaustion requirement.

Not only did Petitioner fail to appeal the state post-conviction court's denial of relief on his jail-time credit claim, but he failed to follow Tennessee's Uniform Administrative Procedure Act. This Act provides that a prisoner aggrieved by the calculation of jail credits may pursue an administrative remedy pursuant to the Uniform Administrative Procedures Act by first seeking a declaratory order regarding the sentence calculation from the Department of Corrections. *See* Tenn. Code Ann. § 4-5-101 *et seq*. A petitioner is required to seek a declaratory order from the agency as a prerequisite to obtaining judicial review in chancery court and the state appellate courts. *See* Tenn. Code Ann. § 4-5-225; *Bonner v. Tennessee Dept. of Correction*, 84 S.W.3d 576, 583 (Tenn.Ct.App. 2001). There is nothing before the Court indicating Petitioner has sought a declaratory order from the agency regarding the calculation of his sentence or any review of the sentence calculation in the state appellate courts. Therefore, it appears Petitioner has collateral remedies he may pursue under state law which will give the state courts the opportunity to review and decide the jail-time credit claim raised in this federal habeas petition.

In other words, Petitioner has failed to obtain a declaratory order regarding his sentence calculation from the Department of Corrections and exhaust his available state remedies by pursuing judicial review in chancery court and the state appellate courts. Consequently, he has failed to fairly present the claim he raises in his federal habeas petition to the state courts. In addition, Petitioner has not alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition nor are any such circumstances apparent from the record. Thus, it is undisputed that Petitioner has failed to exhaust his state remedies, and there is no evidence of an absence of

available state corrective process or that any circumstances exist that render such process ineffective to protect

Petitioner's rights. Therefore, the Court concludes that Petitioner has failed to exhaust his state remedies.

Accordingly, an appropriate judgment order will enter **DISMISSING WITHOUT PREJUDICE** Petitioner's petition and amended petitions for federal habeas relief (Court File Nos. 2, 4, & 6) and **GRANTING** Respondent's motion to dismiss (Court File NO. 7).

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**